IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILLIAM TORRES-DIAZ
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 09-1347(PG)
RELATED CRIM. 02-054(PG)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.3)[1]. Respondent filed a Response to the Petition (D.E.7). For the reasons discussed below, the Court finds the Petition shall be **DISMISSED**.

## I. BACKGROUND

On December 11, 2002, Petitioner, William Torres-Díaz (hereinafter "Petitioner" or "Torres-Díaz") and twenty nine (29) additional co-defendants were charged in a Second Superseding Indictment by a Federal Grand Jury (Crim. D.E. 174)[2]. Petitioner was specifically charged with conspiracy to posses with the intent to distribute and distribute kilogram quantities of controlled substances, that is to say, one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance, five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance, fifty (50) grams or more of cocaine base, a Schedule II Narcotic Drug

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1347(PG)                                                                    Page 2

Controlled Substance, one hundred (100) or more kilograms of marihuana a Schedule I Controlled Substance, as prohibited by Title 21, <u>United States Code</u>, Section 841(a)(1)(Crim.D.E.22).

On February 20, 2003, Torres-Díaz, through his counsel, filed a Motion for Change of Plea (Crim.D.E. 289). On February 21, 2003, a Plea Agreement between Petitioner and the Government was filed (Crim D.E. 311). On the same date the Change of Plea Hearing was held. In said hearing Torres-Díaz plead guilty to count one (1) of the Second Superseding Indictment (Crim. D.E. 312). On June 10, 2003, Torres-Díaz was sentenced to a term of imprisonment as to count one (1) of ninety two (92) months, a Supervised Release Term of four (4) years and a Special Monetary Assessment of one hundred (100) dollars (Crim. D.E. 457-458)[3]. No Notice of Appeal was filed. On February 6, 2008, Torres-Díaz filed a Motion to Amend or Correct Judgment (Crim.D.E.888). On March 18, 2008, the Court denied said motion (Crim.D.E. 896). On April 1, 2008, Petitioner filed a Notice of Appeal as to the denial of his Motion to Amend or Correct Sentence (Crim.D.E. 898). On April 15, 2009, the First Circuit Court of Appeals dismissed Petitioner's appeal for lack of diligent prosecution (Crim.D.E.943). That same day, Torres-Díaz filed his section 2255 petition (D.E. 3).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, the present section 2255 motion is untimely and therefore **DISMISSED WITH PREJUDICE.**

---

[3] Torres-Díaz' Judgment was entered on June 12, 2003 (Crim.D.E. 458).

Civil No. 09-1347(PG)                                                                 Page 3

## II. DISCUSSION

<u>Statue of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA) of April 24, 1996, clearly established a limitation period of one (1) year for the filing of section 2255 petitions. The period of one (1) year starts from the date in which prisoner's conviction becomes "final".

A review of the record indicates that Torres-Díaz never filed a direct appeal of his conviction; therefore the same became final on June 23, 2003.[4] The fact that Petitioner filed a Motion to Amend or Correct Sentence in no way has the effect of tolling the one year statute of limitation that was already in progress.[5] The fact remains that Torres-Díaz had one year as of June 23, 2003, to timely file his 2255 Petition. Torres-Díaz did not file his petition until April 15, 2009, which is in excess of four (4) years from when the one (1) year statute of limitations period had expired. As such, the same is time barred and **DISMISSED WITH PREJUDICE**.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **WILLIAM TORRES-DIAZ**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **WILLIAM TORRES-DIAZ'** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) is

---

[4] For purposes of section 2255 motions, "an un appealed federal criminal judgment becomes final ten days after it is entered" <u>Kapral</u> v. <u>United States</u>, 166 F.3d 565 at 577 (3d Cir. 1999).

[5] See: <u>United States</u> v. <u>Sanders</u>, 247 F.3d 139(4th Cir. 2001); <u>United States</u> v. <u>Hartwell</u>, 448 F.3d 707(4th Cir. 2006).

Civil No. 09-1347(PG)                                                      Page 4

**DISMISSED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th of February, 2012.

Juan M. Perez-Gimenez
Senior United States District Judge